AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

United States of America

v.

Jay Phillips

*Defendant*

Case No. 22-MJ-5052

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count 1

On or about June 28, 2022, in the Western District of New York, the defendant, **JAY PHILLIPS**, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

### Count 2

On or about June 28, 2022, in the Western District of New York, the defendant, **JAY PHILLIPS**, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), committed in the manner set forth in Count 1, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), namely, a loaded Ruger LCP 380 caliber pistol with a defaced serial number.

### Count 3

On or about June 28, 2022, in the County of Erie, in the Western District of New York, the defendant **JAY PHILLIPS**, having been convicted on or about February 1, 2021a, of crimes punishable by imprisonment for a term exceeding one year, unlawfully did possess, in and affecting commerce, a firearm, namely, a Ruger LCP 380 caliber pistol with a defaced serial number, in violation of Title 18, United States Code, Sections 922(g)(1).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

S.R. CORY HIGGINS
TASK FORCE AGENT
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to before me and signed telephonically.
Date: August 1, 2022

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK        )
COUNTY CATTARAUGUS       )    SS:
CITY OF SALAMANCA        )

**S.R. Cory Higgins**, a Task Force Agent of the Drug Enforcement Administration (DEA), United States Department of Justice, Buffalo, New York, having been duly sworn, states as follows:

1. I am a Deputy Sheriff employed by the Cattaraugus County Sheriff's Office since 1994. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, a Task Force Officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code. I am currently assigned to the Enforcement Group D-58, which is composed of Special Agents and Local Law Enforcement officers investigating narcotics trafficking. I have been employed as a Task Force Officer for the DEA since December 2001 and have participated in numerous investigations concerning the distribution of narcotics and drug proceeds.

2. During my law enforcement career, I have participated in numerous investigations targeting individuals engaging in the trafficking and distribution of narcotics. Based on my training, experience in law enforcement, and conversations with DEA Special Agents (SA's) and Task Force Agents (TFA's), and other law enforcement officers, I am

familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold and used by individuals involved in drug trafficking activities, and how drug traffickers use electronic communications to facilitate their illegal activities. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in narcotics transactions conspiracies. My investigative experience, as well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. I have not included every fact and circumstance known to me in this affidavit, but I have included facts and circumstances that I believe establish probable cause to support the submitted criminal complaint.

3. I make this Affidavit in support of an application for a Criminal Complaint charging, Jay D. PHILLIPS, DOB: June 12, 1985, with violating Title 21, United States Code, Section 841(a)(1), possession with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance, and Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of drug trafficking crimes.

4. On June 22, 2022, Detective Bob Kosinski, a member of the Southern Tier Regional Drug Task Force, obtained a New York State Search Warrant from Cattaraugus County Court Judge Ronald Ploetz for the residence of William Abrams located at 94 Murray Ave, City of Salamanca, New York, and the person of Jay D. PHILLIPS and Katie Stebbins.

5. On June 28, 2022, at approximately 9:30 pm, the warrant was executed by members of the Southern Tier Regional Drug Task Force, assisted by City of Salamanca

Police Department officers and your affiant, at 94 Murray Avenue, City of Salamanca, New York.

6. During the execution of said warrant, as officers knocked and announced their presence, Cattaraugus County Sheriff's Office (CCSO) Special Response Team (SRT) Operator Joseph Yerpe observed Jay PHILLIPS attempting to flee the residence through the bathroom window. As Operator Yerpe attempted to detain PHILLIPS, PHILLIPS turned around and flushed an unknown substance. Simultaneously, other members of the CCSO SRT gained entry into the residence and secured the premises. At this time, PHILLIPS was located in the hallway outside of the bathroom on the first floor. Further, there were several others present at the time of the warrant execution. Those individuals were identified as William ABRAMS, who was located in the kitchen on the first floor, and Jacob WINSHIP, Lindsey LITTLE, Jared HUBBARD, Michael WALTERS, and Cheyanne LORE, all located in the basement. SRT Operators also located Travis GILBERT and James BOGUE outside of the garage and Nicole GILBERT inside the garage. All individuals were detained by members of the CCSO SRT without incident.

7. During the search of 94 Murray Avenue, your affiant seized approximately 50 grams of fentanyl which were found in Jay PHILLIPS' bedroom and located in three separate locations. One (1) small plastic bag containing fentanyl was located on the nightstand on top of a digital scale, one (1) small plastic bag containing fentanyl was located on the floor by the bed, and one (1) large plastic bag containing fentanyl was located under the bed found by your affiant. Also in PHILLIPS' bedroom, your affiant found one (1) loaded, defaced Ruger

LCP 380 caliber handgun located in a box under the nightstand along with US Mail addressed to Jay PHILLIPS. Your affiant also observed other belongings of Jay PHILLIPS in this area such as clothing and Jay PHILLIPS' cellular phone, which PHILLIPS admitted belonged to him.

8.  Det. Bob Kosinski conducted a field test on the Fentanyl, as witnessed by your affiant, resulting in a positive presence for fentanyl.

9.  Based upon my training and experience, and the training and experience of other law enforcement officers involved in this investigation, individuals, such as PHILLIPS, who are involved in the illegal possession and distribution of controlled substances typically possess and/or maintain ready access to firearms due to the dangers involved in the drug trade. I have been advised that, consistent with my training and experience, the Second Circuit Court of Appeals has consistently recognized that firearms are "tools of the trade" as it relates to illegal drug trafficking. See United States v. Crespo, 834 F.2d 267, 271 (2d Cir. 1987) ("We have often taken judicial notice that, to substantial dealers in narcotics, firearms are as much tools of the trade as are the commonly recognized articles of narcotics paraphernalia."); see also United States v. Reyes, 353 F.3d 148, 154 (2d Cir. 2003) ("We have often recognized that firearms and sharp objects, such as razor blades and hypodermic needles are 'tools of the drug trade' regularly found on narcotics traffickers."); see also United States v. Gaskin, 364 F.3d 438, 457 (2d Cir. 2004) ("[G]uns are tools of the narcotics trade frequently carried by dealers, particularly when they engage in transactions involving guns or money."). The loaded firearms possessed by PHILLIPS were found to be readily

4

accessible, in close proximity to PHILLIPS, his narcotics proceeds, and his controlled substances. Accordingly, I believe the firearms were possessed in furtherance of PHILLIPS' drug trafficking activities.

10. Upon review of a criminal history report for Jay PHILLIPS it is indicated that PHILLIPS has been convicted in Cattaraugus County Court of a crime punishable by imprisonment for a term exceeding one year. On or about November 30, 2020, PHILLIPS plead guilty to a Class D Felony, Criminal Possession of a Controlled Substance in the 5th Degree. PHILLIPS was sentenced on February 1, 2021. As a previously convicted felon, PHILLIPS is prohibited from possessing firearms and ammunition. On or about July 15, 2022, Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent John Nowak did travel to Cattaraugus County Court and obtained a certified certificate of disposition for PHILLIPS confirming a plea of guilty on or about November 30, 2020 for a Class D Felony and a sentence date of February 1, 2021.

11. Additionally, the seized firearm was presented to ATF Special Agent William Farnham who is an interstate nexus expert. Special Agent Farnham confirmed that the Ruger, LCP, 380 caliber pistol, with a defaced serial number recovered from 94 Murray Avenue in a box under the nightstand of PHILLIPS' bedroom was not manufactured in the State of New York. As a result, the Ruger, LCP, 380 caliber pistol, with a defaced serial number did travel through interstate commerce before coming into PHILLIPS' possession in the Western District of New York.

**WHEREFORE**, based on the foregoing, I respectfully submit that probable cause exists to believe that Jay D. PHILLIPS, DOB: June 12, 1985, has violated Title 21, United States Code, Section 841(a)(1), possession with intent to distribute a mixture or substance containing fentanyl, a Schedule II controlled substance, Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of drug trafficking crimes, and Title 18, United States Code, Section 922(g)(1) possession of a firearm by a person with a previous felony conviction.

_____
S.R. CORY HIGGINS
TASK FORCE AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to telephonically this
1st day of August, 2022

_____
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE